Good morning, Your Honors, Josh Matthews on behalf of the appellants, Amy Nobrey and Chastity Guidry on behalf of their minor children. Your Honors, I'm going to be very brief in my argument, as in my brief, we only hit on one issue. Did the Court err in not taking into consideration the master inquiry report that was a state record prepared by the defendants? The fundamental purpose of prescription statutes is to afford the defendant economic and psychological security if no claim is made timely and to protect them from the loss of non-preservation of relevant evidence. In its analysis on this specific matter, the District Court performed two analyses in relation to the relation back of the prescriptive period, and that was done under Girard and Papillon. And I would argue, Your Honor, that Girard is sufficient because the Louisiana District Courts routinely apply that in a Rule 15C analysis in relation back. Under the Girard analysis, the District Court only reviewed the original petition and the amended complaint that were filed into the record. It did not review the master inquiry record, which was prepared, as I said, by the defendant, which is a state agency. The master inquiry record includes personal information about Mr. Cotton. It provides his date of birth, his marital status, weight, height, shoe size, religious affiliation, every description of every tattoo on his body, and the number of children he had. Even though the master inquiry record wasn't attached to the original or the amended complaints, we believe that the Court should have taken judicial notice of the MRI since it was a public record created by the defendants. It is clearly proper in deciding Rule 12b6 motions to take judicial notice of the matters of public record. Had the Court considered the document, I believe that we would have met the last element in the analysis set forth by Girard that the defendant knew, or at the very least, should have known of the new plaintiffs. The MRI is the only document that shows that the defendant knew or should have known by a simple indication that he had two children on that report. I believe that this case is very similar to Girard in that the children which were amended to the original complaint in Girard were not mentioned in the original complaint. However, like Mr. Cotton's children, the Girard children were only mentioned in the medical records which were provided by the medical staff. In its ruling, Your Honors, the Court also applied Papillon, and it also found that the defendants did not have any knowledge of the children. Again, I would urge this Court that if the district court reviewed the record, they would have determined that the defendants knew, or at the very least, should have inferred that the plaintiff had two minor children. We cited Williams, and we also cited in the defense's record memorandum, that the doctrine of relation back under Rule 15c is liberally applied, especially if no disadvantage were accrued to the opposing party. We agree that the new plaintiffs, the children of Ms. Cotton, were not a part of the original suit. However, we would argue that because of the inquiry report, the defendants knew or should have known of the children. They were aware of the judicial relief being sought arising out of the death of Mr. Cotton, and they would not have been disadvantaged since they preserved their evidence. They preserved their evidence on the date that they were served with the original petition. There were some 350 pages of documents which were sent to our office. No essential purpose of the prescription statute will be violated by allowing us to relate back to the following of the original petition. What about the distinction between the relation back and the wrongful death statute and the survival action? Excuse me, Your Honor? Do you see a distinction in terms of the reach of Rule 15c with regard to the wrongful death action here and the survival action under 1983? I don't, Your Honor. We brought a suit under the wrongful death action. I don't have a survival action claim. As in Girard, the children were not a part of the litigation prior to the amendment. They were brought in after the prescriptive period, I believe it was 10 days, and the only notice that the court found that they were involved in a litigation were that they were provided by the plaintiffs. So you do not have any sort of 1983 claim for survival remedies representative capacity for decedent cotton? You only have wrongful death? Correct, Your Honor. Okay. And which I think that the Girard court was correct in applying the relation back. Accordingly, with that, Your Honor, I request that the district court's decision to dismiss this case be reversed.  Thank you, Your Honor. Good morning, Your Honors. Kenneth Ames here on behalf of the Department of Public Safety and Jerry Goodwin. The issue has been narrowed down to what appears to be a single issue, and so I would state the issue as did the district court err in failing to consider the document that the plaintiffs contend put the defendants on notice that the decedent had children. The district judge specifically addressed that issue in his footnote number one in his written opinion. He looked at the case of . . . the Darcy case, 545, 333, and ascertained that the document that the plaintiffs referenced would not be something that the court should take judicial notice of. Why shouldn't the court take judicial notice of the MRI that was prepared solely by the defendants? It was in their . . . it's a record of the state, a public record of the state. Do you believe it's not a public record of the state? Do you believe it was not prepared by the defendant? What's the reason? It's not a public record because it's not something that's on file and readily accessible to the public. This is a document that was ascertained by asking the defendant . . . I mean, the decedent questions as he was being admitted into the prison system. There's nothing there to document that the defendant's reference to having children is an accurate statement or even who the identity of those children are. And so, according to the code of evidence rule that the judge relied on, it's not easily ascertainable as to the information provided and we can't know that the information obtained in the record is even accurate. These children were not born issue of a marriage between the decedent and a wife. He was single at the time that he was admitted into and it still has not been established as a fact that these particular children are affiliated to this father such that they would have a cause of action. They would have had one year from the date of death to affiliate to the father and that fact hasn't been established. So, generally speaking, the court can take judicial notice of things that establish a fact. The fact of the children's affiliation to this father has not been established on the record of the proceeding and isn't established by the document filled out entering into the prison system. Was that required in the Girard case? Because I thought that was just medical records. The Girard case is distinguishable from this case because the person who brought the claim on behalf of the children had the right to do so, the original complaint. That's distinguishable from this case because the person who brought the original complaint did not have the right to assert the claim on behalf of the children. The person who brought the original complaint was the paternal grandmother or alleged paternal grandmother of the amended complaint plaintiffs. It was the decedent's mother who brought the complaint. She would not have had, at the time she brought that original complaint, if the decedent had children, then she is excluded as a person who can bring the complaint for herself. She also would have never have had the right to bring the claim on behalf of the decedent's children because those children's mother or those children's tutor, under Louisiana law, would have had that right to assert a cause of action for minor children. There's not even any indication in the document that was taken from the defendant, the information taken from the decedent when he entered the jail, as to the age of these children to know whether they were adults and then had that claim in their own right to be able to bring the claim without a tutor or without somebody bringing the claim in their own behalf. If there wasn't the difference that you're talking about, about the person who was originally filed in the Gerrard case, can you tell me what the difference is in the quality of the evidence that was taken notice of? You know, the medical record versus this MRI. How is that? Is there any difference in that, or? The medical record would have had, I believe ... It didn't have the ages and the dates and all that, did it? But it would have had on there a relationship between the children and the person bringing the action such that there was an establishment between the children and the person who had brought the action that they had a right. I'm assuming that it did. I'm not familiar with what evidence was actually admitted and considered in the Gerrard opinion because that case isn't before us to know what evidence there actually was of it. But in this case, we know what the evidence is, and we know that the original complaint did not reference any document at all. Let me ask you a question about the original complaint. Counsel said they didn't bring a survival action. I'm reading the original complaint, and it says that the plaintiff in Reckon Moore is the proper party to bring this action for damages pursuant to Louisiana 2315, et cetera, and that she is the wrongful death beneficiary and survival action beneficiary of the deceased. Correct. And so, what the original plaintiff was submitting is that under the hierarchy of people entitled to assert a claim under 2315.1 ... She's not entitled to assert a claim in a survival action. Yes. If he didn't have any children, yes, she would have been entitled to assert a claim on behalf of her son. Okay. Well, assuming that they were asserting a survival action, then why doesn't that relate back, the survival action, just the survival action? Because she had no right to bring the survival action either for herself or for the people who did have the right. But it doesn't matter. She had the right to bring a survival action. No, she did not. She could bring a survival action, and she acts as the placeholder for the people that do, and it doesn't matter whether or not they're previously identified as the children. No, that's not true. She has neither a right to bring the wrongful death action nor the survival action if the decedent left either a surviving spouse or children. It's the same succession. Exactly. And so ... There are different statutes, but it's the same rule. Right. Yes. Two different statutes. But the same rule. She is just as precluded from bringing a survival action as she is from bringing a wrongful death action. And she had no right to assert either the wrongful death action nor the survival action on behalf of the children. It's essentially as if a stranger had filed suit and said, hey, this man was killed in prison in Louisiana, you're at fault for that. The question is, did that interrupt prescription? No, it did not interrupt prescription because the person had no right in the first place to bring either of the causes of action. I certainly want to question your Louisiana law recitation. I was just confused about Louisiana Civil Code 2315, which says that if a person's been injured by offense or that so forth, dies, the right to recover all damage otherwise shall survive in favor of the surviving spouse and children of the deceased or the surviving father and mother of the deceased, or either of them, when you're saying that. But all of that, you say, is conditioned on the fact that if he left no spouse or child surviving. Your Honor, the hierarchy, the case law is abundantly clear that they're mutually exclusive. The statute itself has been. I'm not suggesting otherwise. But I'm looking at the last phrase that is, or either of them, if he left no spouse or child surviving. So what you're saying that if he had children, he has neither. Correct. If he had children, the his mother had no legal right to assert any cause of action whatsoever for herself. The only way she would have had a right to assert a cause of action for her grandchildren is if by some way she was the tutor of those grandchildren. Which, by the way, she herself didn't know existed or else she would have put that in her pleadings. How can the state be held to a standard to know that this man has children when their own grandmother doesn't know of their existence? And brings a cause of action on behalf of her deceased son. So. And so. But it doesn't matter who's. Can you break it? Stands in the shoes of the Cottonist survivor, does it? Yes, it does. Why? It is because the statute and the law requires that it matters. But I mean, you knew that someone was standing. It would be just like if a stranger came in off the street and said, hey, Mr. Cotton got killed in prison and the state's responsible for it. If the person has no cause of action, your honor, to assert that claim, it doesn't interrupt prescription as to the people who do have the cause of action. The original cause of action has to have some validity to it for it to interrupt prescription as to the defendants. Just anybody can't bring a lawsuit and then it interrupt prescription as to everyone in the world. So, yes, it does matter. 1983. We do it. Claims are 30 to 1983. What did the United States Code section 1983 civil rights section? The 1983 would look to, it doesn't have a specific statute of limitations, so you look to Louisiana law on how the statute of limitations would be applied and that's what Judge Hicks did in this particular situation. And it's what they even, I mean, they're not arguing that the wrong law wasn't applied or that the wrong law was applied here. If I bring a 42, I'll file a lawsuit under 42 United States Code section 1983 against state officials for the death of an individual as being in the hands of the state, violating the constitutional principles itself, then I would look to the state law. And one of the state laws would be, but I assume that the survival action would be, you're saying that that would control the 1983 suit as well in terms of survival action?  Because the same prescriptive period applies to the survival action and the wrongful death action. It is, to the specific beneficiaries that are listed there, which are mutually exclusive of one another, it's one year from the date of death for both causes of action. The survival action is nothing more than someone else, the appropriate beneficiary, asserting a claim on behalf of the decedent that the decedent could have asserted had he survived. He didn't survive and therefore that claim is inherited, if you will, by the specific list of people that is mutually exclusive to one another as you go down the list. If he left a spouse and children, they have the claim and nobody else has the claim. If he didn't leave a spouse or children, then the next group, which would have been the decedent's parents, would take over or his siblings or things of that nature, whatever, straight down the list. In this case, the original complaint was brought by somebody who alleged, specifically in the case of the decedent, that I have this cause of action. And by making that allegation, what she is necessarily saying is no one else does. And so she would have had to have been alleging that he did not leave a spouse and he did not leave any children. And therefore, that petition is basically saying, hey, I have this right. There are no children to look for. There is no spouse to look for because I'm asserting this claim. This claim would be more like Gerard and more like Ray versus Alexandria Mall and more like even the Papillon case if what this grandmother had done is say, hey, I'm going to assert an alternative claim here. I'm not sure if he had any children out there. And so to keep this claim from prescribing, I'm putting you on notice that if he has children, I'm asserting this claim on behalf of the children. But if he doesn't have children, then I have the right to do it. She didn't do that. And so these children's own grandmother didn't know of their existence, but we're going to hold the state to a standard that they should have known that he had children because he put on a form that I have some children somewhere. That doesn't meet with a notion of fairness as far as I'm concerned that he comes in. Not only that, the form doesn't indicate whether these are adult children and therefore would have their own right or cause of action. It doesn't say their names or who they are or where they are. We don't know that by the time that he dies, whether they're still alive or still in existence. We don't know anything about it except we get a complaint later in September that says, no, he didn't have any children and he didn't have a spouse because I, his mother, have the right to assert the claim. And so what distinguishes this case from the Girard and all of the other cases that are plaintiffs had the right to assert the cause of action on behalf of the substituted party. In this case, the grandmother never had the right to assert a claim on behalf of the substituted party. Moreover, the substituted party was never referenced either in the original complaint. They were obviously referenced and substituted in the amended complaint, but they're an entirely new group of people. Those children's mother is who's asserting the claim on behalf of minor children. And so there's a big, big difference in all of that. And so it boils down to the issue. It's a, did the trial judge err as a matter of law in failing to consider the prison document in ruling on the motion to dismiss? If you answer that question, yes, then I guess you can remand it back for further evidence. But if the answer to that question is no, he did not err and he has it right in his mind, he did not consider that document, then the inescapable result of this claim is that the plaintiff's claims have to be dismissed. I have nothing else unless the Court has some further questions. We have your argument, counsel. Thank you. Thank you. Do you have anything further? When Ms. Morph originally filed her petition, she believed that she was the proper plaintiff bringing the suit. The defendants were served with our original petition, I believe, in September of 2016, and they preserved all their evidence. There's no disadvantage or any prejudice towards the defendants because they have all their evidence before them. They were the only party to the suit that had this document, which clearly states that Mr. Cotton had two children. There's no disadvantage being brought forth by the defendant because they preserved their evidence. The judicial claims all arise out of the death of Mr. Cotton, and they would not be disadvantaged, again, simply because they preserved all the evidence. I mean, if there's any further questions, I'd gladly take them, but that's all that I have, Your Honors. I think we have your argument. All right. Thank you, Your Honor. Y'all have a great day.  The Court will stand in recess until tomorrow morning. Thank you. Thank you. Thank you. Thank you. Thank you.